UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**JOSEPH HENDERSON, SR.**       *       **CIVIL ACTION NO.  15-2907**

**VERSUS**       *       **JUDGE ROBERT G. JAMES**

**OFFICE DEPOT, INC.**       *       **MAG. JUDGE KAREN L. HAYES**

REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court pursuant to 28 U.S.C. § 636(b)(1)(B), is a motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 27], and a motion to strike the exhibit attached to plaintiff's motion in opposition [doc. # 12], both filed by defendant, Office Depot, Inc. ("Office Depot"). Both motions are opposed. For reasons assigned below, it is recommended that the motion to dismiss be **GRANTED IN PART** and the motion to strike be **DENIED**.

Background

On December 30, 2015, Joseph Henderson Sr. filed the instant complaint against Office Depot alleging racial discrimination in violation of 42 U.S.C. §1981 and failing to prevent or rectify alleged racial discrimination in violation of 42 U.S.C. § 1986. [doc. # 1]. Plaintiff contends that on January 24, 2015, at approximately 2:00 p.m., he entered an Office Depot store located in Ruston, Louisiana, with the intent to purchase a printer. *Id.* ¶ 6. Henderson waited in the aisle where the printers were on display for fifteen minutes without acknowledgment by any sales representatives. *Id.* ¶ 7.  Henderson states that after the initial fifteen-minute wait, he flagged down the cashier and the cashier subsequently called someone to help him. *Id.* ¶ 8.  Henderson contends that he waited an additional ten minutes without being helped, so he went to another aisle where a

Caucasian sales representative, Cat, was already assisting a Caucasian male. *Id.* ¶¶ 8-9. Henderson claims to have informed Cat that he would wait for her assistance in the printer aisle, however, Cat left the sales floor after she finished assisting the Caucasian customer. *Id.* ¶¶ 10-12. Cat then returned to the sales floor and began assisting another Caucasian male who had just entered the store. *Id.* ¶ 13. At approximately 2:45 p.m., forty-five minutes after first entering the store, Henderson left without receiving assistance or purchasing a printer as intended. *Id.* ¶ 15.

On May 19, 2016, Office Depot filed its first motion to dismiss. [doc. # 4]. Henderson filed his opposition to the motion on June 10, 2016. [doc. # 10]. On June 16, 2016, Office Depot filed a reply brief and filed a motion to strike Exhibit A attached to Plaintiff's opposition to Defendant's motion to dismiss. [docs. # 12, # 17]. On July 8, 2016, Plaintiff filed his opposition to the motion to strike. [doc. #18]. On July 14, 2016, Henderson filed a motion for leave to file an amended complaint. [doc. #20]. The undersigned granted Plaintiff's motion to amend [doc. #23], and Plaintiff filed his First Amended Complaint on August 1, 2016. [doc. #24]. Office Depot filed the instant motion to dismiss the first amended complaint on August 11, 2016. [doc. #27]. Henderson filed his opposition on September 2, 2016 [doc. #29], and Defendant filed its reply on September 13, 2016. [doc. #32]. Thus, these matters are ripe.

## Discussion

**I. 12(b)(6) Standard**

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). To withstand a motion to dismiss, "a complaint

2

must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal*, 556 U.S. at 678. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 555-56. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153-54 (5th Cir. 2010). A court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly*, 550 U.S. at 556. Furthermore, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Fla. Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. Oct. 10, 2008) (unpubl.) (citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant

3

fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555)). The complaint need not even "correctly specify the legal theory" giving rise to the claim for relief. *Gilbert*, 295 Fed. Appx. 713.[1] Even if a plaintiff fails to oppose a 12(b)(6) motion, the court is still obliged to assess the legal sufficiency of the complaint. *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012) (citations omitted).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id.*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) (citation omitted). Furthermore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (citations and internal quotation marks omitted).

**II.     Analysis**

    A.     <u>Claims Under 42 U.S.C. § 1981</u>

Plaintiff asserts a claim under 42 U.S.C. § 1981. Section 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. . . .

42 U.S.C. § 1981(a). In a commercial context, in order to establish a prima facie case under §

---

[1] "Courts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted).

1981, the plaintiff must show that (1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997) (quotations and citation omitted).

"Section 1981 does not provide a general cause of action for race discrimination . . . [;][r]ather it prohibits intentional race discrimination with respect to certain enumerated activities." *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003). To establish a prima facie case under § 1981, a plaintiff must show that the alleged "discrimination concerned one or more of the activities enumerated in the statute." *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997). Section 1981 generally forbids racial discrimination in the making and enforcement of private contracts, regardless of the race of the aggrieved party. *Bobo v. ITT, Continental Baking Co.*, 662 F.2d 340, 342 (5th Cir. 1981). The plaintiff must demonstrate "the loss of an actual, not speculative or prospective, contract interest." *Arguello*, 330 F.3d at 358. An allegation of "'the mere possibility that a retail merchant would interfere with a customer's right to contract in the future' is insufficient to support recovery under § 1981." *Id.* (quoting *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 752 (5th Cir. 2001)). A customer must make a tangible attempt to contract and that attempt must be thwarted by the defendant in order to allege a claim under § 1981. *See id.*

Office Depot argues that Henderson's § 1981 claim is foreclosed by the Fifth Circuit's decisions in *Morris v. Dillard Dep't Stores, Inc.* and *Arguello v. Conoco, Inc.* However, both of those cases are distinguishable from this case. The question on appeal in *Morris* was whether Dillard's, in banning a suspected shoplifter from the store, caused the loss of an actual contract interest. 277 F.3d at 751-52. The Fifth Circuit held that the possibility of interference with future

5

or prospective contracts was insufficient to state a claim under § 1981. *Id.* at 752. In *Arguello*, a customer abandoned *an already completed transaction* after a gas station employee shouted obscenities and made racially derogatory remarks at the customer. 330 F.3d at 357. Since plaintiff chose to abandon an already completed purchase, the Court held that he could not establish interference with a contract interest. *Id.* at 359.

This case does not concern future contracts or a completed purchase that was voluntarily abandoned. Here, Henderson alleges that Office Depot thwarted his ability to contract for the sale of a printer by intentionally failing to assist him because of his race. Specifically, Henderson alleges that he drove to Office Depot on January 24, 2015, to purchase a printer. [doc. #24, ¶ 6]. While at the store, Henderson made significant efforts in an attempt to contract with Office Depot. When he initially arrived, Henderson waited in the printer aisle for fifteen minutes, and was not assisted by a sales representative. *Id.* ¶ 7. He then flagged down the cashier for assistance, who called for someone else to help him. *Id.* ¶ 8. To no avail, Henderson waited another ten minutes before making contact with another Office Depot employee named Cat who was assisting a Caucasian customer. *Id.* ¶¶ 8-9. Henderson told Cat that he would be in the printer aisle when she was finished assisting the other customer. *Id.* ¶ 10. Instead of helping Henderson when Cat was finished, she walked off the sales floor, ignored Henderson, and then proceeded to assist another Caucasian customer who had just walked into the store. *Id.* ¶¶ 12-13. After waiting for a total of forty-five minutes, Henderson left the store, never having received assistance in selecting a printer to buy. *Id.* ¶ 15. Henderson alleges that agents of Office Depot intentionally failed to assist him, and thus prevented him from entering into a contract with Defendant, solely because Plaintiff is African-American. *Id.* ¶ 19. To support an inference of discriminatory intent, Plaintiff attached a photograph, allegedly taken from Office Depot employee Cat's Facebook page, showing her

smiling while holding a hangman's noose. *Id.* Exh. A.

"[U]nder § 1981, the 'making' of a contract must include the opportunity to enter into negotiations on equal terms." *Arguello*, 330 F. 3d at 360. Under the allegations of the complaint, Henderson attempted to negotiate with Office Depot's agents, and his ability to negotiate for and purchase a suitable printer was thwarted by the employees' continued failure to assist him.[2] Defendant contends that attempting to obtain assistance with a purchase at a retail store only "precedes" a contractual relationship. [doc. #32, p. 3]. However, the Supreme Court in *Rivers v. Roadway Express, Inc.* expressly stated that § 1981 reaches "all phases and incidents of the contractual relationship." 511 U.S. 298, 306-07 (1994). The Plaintiff has adequately pleaded a plausibly viable claim under 42 U.S.C. § 1981. Thus, the Court should decline to dismiss Plaintiff's claim against Office Depot under 42 U.S.C. § 1981.

B.  Claims Under 42 U.S.C. § 1986

Plaintiff states a claim under 42 U.S.C. § 1986, which provides a cause of action against those who neglect or refuse to prevent wrongful acts committed pursuant to a conspiracy under 42 U.S.C. § 1985. *See* 42 U.S.C. § 1986. Therefore, "a valid § 1985 claim is a prerequisite to a § 1986 claim . . . ." *Bryan v. City of Madison*, 213 F.3d 267, 276 (5th Cir. 2000). Plaintiff claims

---

[2] Defendant argues that Plaintiff must have "selected a product, taken it off the shelf, and brought it to the cash register, ready to pay." [doc. #32, p. 4]. The Fifth Circuit has not addressed a § 1981 claim in an "intentional failure to assist" context. However, a review of case law in other circuits suggests that Defendant is attempting to set the bar too high. For example, the Eighth Circuit has stated that a "demonstrated interest in specific items which the defendant has held out for sale" constitutes a tangible attempt to contract. *Green v. Dillard's, Inc.*, 483 F.3d 533, 538-39 (8th Cir. 2007) ("It is intent to purchase, not physical possession, that is needed to create a contractual interest."); *Kirt v. Fashion Bug #3252, Inc.*, 495 F.Supp.2d 957, 973 (N.D. Iowa. 2007) (dismissing claim where Plaintiff "never communicated any interest in any item" to the store clerks). The Sixth Circuit has held that "the deprivation of service, as opposed to an outright refusal of service" also constitutes a valid claim under § 1981. *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 872-73 (6th Cir. 2001).

that Defendant's conduct violated 42 U.S.C. § 1985(3).

In order to establish a claim under § 1985(3), a plaintiff must allege: (1) a conspiracy between two or more individuals; (2) for the purpose of depriving a person or class of people of the equal protection of the laws or of equal privileges and immunities under the laws; and (3) an act committed in furtherance of the conspiracy that injures a person or deprives him of a right or privilege of a citizen of the United States. *See Deubert v. Gulf Fed. Savings Bank*, 820 F.2d 754, 757 (5th Cir. 1987). Furthermore, the only type of conspiracy actionable under § 1985(3) is one motivated by racial animus. *Id.*; *Daigle v. Gulf States Utils. Co.*, 794 F.2d 974, 979-80 (5th Cir. 1986). A § 1985(3) plaintiff must proffer evidence of "invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Earnest v. Lowentritt*, 690 F.2d 1198, 1202-03 (5th Cir. 1982).

Moreover, for purposes of asserting a conspiracy claim, plaintiff must assert the "operative facts upon which the claim is based." *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987). Conclusory allegations of conspiracy do not suffice. *Priester v. Lowndes Cty.*, 354 F.3d 414, 420 (5th Cir. 2004) (discussing conspiracy under § 1983); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Henderson's filings fail to set forth a factual basis to support a conspiracy between the defendant's agents. In his amended complaint, Henderson provides:

20.

> . . . Defendant's employees and agents willfully and deliberately acted in concert and in a coordinated fashion amounting to a conspiracy in their mutual effort to deny Plaintiff equal protection regarding the right to engage in commerce with Defendant . . . and in thwarting his effort to enter into a contract with Defendant and causing Plaintiff's loss of actual contract interests.

21.

> . . . Defendant was fully aware and knowledgeable of the conspiracy among Defendant's employees and agents to deny Plaintiff the exercise of rights and interests enumerated in and protected under 42 U.S.C. §1985.

[doc. #24, pp. 5-6]. Henderson's conclusory allegations that agents of Office Depot "acted in concert" to deny him equal protection are insufficient to allege a conspiracy. Henderson must plead material facts that show the defendants agreed to commit an illegal act. *Hey v. Irving*, 161 F.3d 7 (5th Cir. 1998); *Arsenaux v. Roberts,* 726 F.2d 1022, 1024 (5th Cir. 1982). His amended complaint fails to plead any facts showing such an agreement. Plaintiff's inability to state a claim under 42 U.S.C. § 1985 fatally undermines the vitality of his § 1986 claim. Therefore, the Court should dismiss all of Plaintiff's claims arising under 42 U.S.C. § 1985 and 42 U.S.C. § 1986 without prejudice.

### III.   Motion to Strike

Also at issue is Office Depot's motion to strike an exhibit attached to Henderson's motion in opposition, filed on June 16, 2016. [doc. # 12]. The exhibit purported to be a photograph of an Office Depot employee smiling and holding a hangman's noose.[3] *Id*; *see* doc. # 10, Exh 1. Office Depot argued that the exhibit was irrelevant to the underlying matter and not properly before this court in the context of evaluating the motion to dismiss. *Id.* at 2; *see In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (In assessing a motion to dismiss, courts may consider documents that are referred to in the complaint and are central to the plaintiff's claim).

Henderson has since cured all procedural defects by filing his First Amended Complaint, referencing the exhibit within, and attaching it thereto. [doc. # 24, Exh. A]. Defendant did not file a renewed motion to strike the exhibit from Plaintiff's amended complaint.

---

[3] This photo was allegedly retrieved from Office Depot employee Cat's Facebook page. [doc. #24, ¶ 24].

"Motions to strike are disfavored and infrequently granted." *Cargo v. Kan. City S. Ry. Co.*, No. 05-2010, 2011 WL 1234391 (W.D. La. Apr. 1, 2011) (internal citations omitted). "A disputed question of fact cannot be decided on motion to strike." *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962). Exhibit A tends to show racial discriminatory intent on behalf of Office Depot's employee, Cat, which begs the question of whether Office Depot knew or should have known about one of its employee's potential racial animus towards African-Americans. This is a disputed question of fact that is not appropriately decided on a motion to strike. *See Pan Am. Life Ins. Co. v. Blanco*, 311 F.2d 424, 428 n.13 (5th Cir. 1962) ("Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied.") (internal citations omitted); *U.S. v. Vogel*, No. 4:08cr224, 2010 WL 2465359, *1 (E.D. Tex. May 21, 2010) (finding that when information is relevant to the underlying offense, it should not be stricken, "regardless of how prejudicial it may be."). Accordingly, to the extent Office Depot is still pursuing its motion to strike, that motion is **DENIED** at this stage of litigation.

### Conclusion

**IT IS RECOMMENDED** that the motion to dismiss for failure to state a claim upon which relief can be granted, FED. R. CIV. P. 12(b)(6), filed by defendant, Office Depot [doc. # 27] be **GRANTED IN PART,** and that plaintiff's claims under 42 U.S.C. § 1985 and 42 U.S.C. § 1986 be **DISMISSED**.

**IT IS FURTHER RECOMMENDED** that the motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 27] otherwise be **DENIED**.

**IT IS FURTHER RECOMMENDED** that plaintiff's motion to strike [doc. # 12] be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 19th day of September 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE